# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 2:09-cr-00016-MR

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> FRED HOWARD BIDDIX, ) <br> ) <br> Defendant. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court upon the *pro se* Defendant's motion for a reduction of sentence pursuant to Section 404 of the First Step Act of 2018 [Doc. 32].

Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, gives retroactive effect to the changes made by Sections 2 and 3 of the Fair Sentencing Act of 2010. Section 404(a) defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by Section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010." 132 Stat. at 5222. Sections 2 and 3 of the Fair Sentencing Act of 2010 increased the quantity of cocaine base required to trigger the enhanced

penalties of 21 U.S.C. § 841 and eliminated the mandatory minimum for simple possession of cocaine base under 21 U.S.C. § 844(a).

Here, the Defendant was convicted of sexually exploiting children in violation of 18 U.S.C. § 2251(a). The Defendant is not eligible for relief under Section 404 of the First Step Act because he was not convicted of a "covered offense" under Section 404(a)'s definition.

**IT IS, THEREFORE, ORDERED** that the *pro se* Defendant's "Motion for Reduction of Sentence Pursuant to the First Step Act 2018" [Doc. 140] is **DENIED**.

**IT IS SO ORDERED.**

Signed: June 9, 2020

Martin Reidinger
Chief United States District Judge